IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY GOLDTHREAD,                )<br>      Plaintiff,                            )<br>                                                    )<br>vs.                                                )<br>                                                    )<br>GEORGE M. DAVISON, et al.,      )<br>      Defendants.                      ) | Civil No. 3:06-0805<br>Judge Echols<br>Magistrate Judge Bryant |

To: The Honorable Robert L. Echols, Senior Judge

**REPORT AND RECOMMENDATION**

By order entered September 27, 2006, the District Judge referred this case to the Magistrate Judge for consideration of all pretrial matters and reports and recommendations on all dispositive motions. (Docket Entry No. 7). By order also entered September 27, 2006, Magistrate Judge Griffin reassigned this case to the undersigned. (Docket Entry No. 8).

Pending before the court are motions to dismiss on behalf of defendants S.C. Johnson & Son, Inc. ("Johnson"), Davison Design and Development, Inc., and George M. Davison.[1] (Docket Entry Nos. 32 and 37). Plaintiff has failed to file any response to these motions. For the reasons stated below, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED**, that the complaint against defendant S.C.

---

[1] The original complaint ( Docket Entry No. 1) names the individual, George M. Davison, as a defendant in the enumerated field provided. Id. at ¶ 3. However, the location given for Mr. Davison in this field is the business address for the corporate defendant, Davison Design and Development, Inc. The factual allegations against Mr. Davison in the original complaint appear to stem from his role as signatory for the company. The corporate Davison defendant is not named in the third paragraph of the original complaint, but is named in the caption of the complaint, and is the subject of various factual allegations in the body of the complaint. Plaintiff's amended complaint (Docket Entry No. 27), however, appears to focus exclusively on the corporation known as "Davison" (presumably Davison Design and Development, Inc.) rather than any individual by that name. For that reason, although plaintiff refers to George M. Davison and the corporate entity interchangeably as "Davison," for purposes of this Report and Recommendation George M. Davison shall be referred to as "George M. Davison" and Davison Design and Development Inc. shall be referred to as "D&D Inc."

Johnson & Son, Inc. be **DISMISSED WITH PREJUDICE,** and that the complaint against defendants George M. Davison, Davison Design and Development, Inc., Medo, Inc. and Airwick Co. be **DISMISSED WITHOUT PREJUDICE.**

### Procedural History

**The Complaint.** Plaintiff Anthony Goldthread, proceeding *pro se*, has filed an amended complaint alleging that the defendants have fraudulently misappropriated his intellectual property. (Docket Entry No. 27). Although the complaint is inartfully drafted, the following facts appear from the complaint and its exhibits. In June 2002, Mr. Goldthread had communications with a representative of Davison Design & Development, Inc. ("D&D Inc.") about Mr. Goldthread's idea for a new product which he called a "Ceiling Fan Air Freshener." In a document exhibited to the original complaint, Mr. Goldthread described his device as a "pouch" containing air freshener that was to be attached to the blade of a ceiling fan by Velcro® straps. (Docket Entry No. 1, Ex. 1). Although not expressly stated, it appears that the device is intended to spread fragrance as the fan blades revolve during operation. Plaintiff alleges that the combination of a fan device with devices designed to deliver scents throughout a room constitutes a wholly original composition of matter that is protected by law. (Docket Entry No. 27).

From a letter agreement dated June 11, 2002, it appears that D&D Inc. was a company located in Pittsburgh, Pennsylvania that offered to provide certain "pre-inventegration services" for a fee. (Docket Entry No. 1, Ex. 2). These services included an "industry product search" to identify competitive products available in the marketplace, patent searches for design and development purposes, and the filing of

disclosure documents with the U.S. Patent & Trademark Office. *Id.* In addition, D&D Inc. offered to promote the client's product to appropriate manufacturers in an effort to secure a license agreement on behalf of the client for the commercial production of the product.

In his amended complaint, Mr. Goldthread alleges that he had discussions with a representative of D&D Inc. in June 2002, and that the corporation mailed him proposed written agreements for signature. (Docket Entry No. 27). However, Mr. Goldthread refused to sign the agreements or to employ the services of D&D Inc. *Id.* Nevertheless, Mr. Goldthread alleges that in the October 28, 2003 issue of the National Enquirer he saw what he describes as "clear and convincing proof" that his product idea had been wrongfully appropriated by others. *Id.* Attached to the original complaint is a photograph of a product called "Swirling Scents," bearing the Medo label, which appears to be an air freshener that includes a small fan intended for an automobile air vent, and a similar photograph of a Glade® PlugIn® scented oil fan, which consists of a scented oil warmer attached to a small fan that circulates fragrance when plugged into a wall electrical outlet. (Docket Entry No. 1 Ex. 4 and 5). Seeing these products advertised apparently convinced plaintiff that his intellectual property had been wrongfully taken by defendants (Docket Entry No. 27).

Plaintiff pleads federal court jurisdiction under 28 U.S.C. § 1332, alleging that D&D Inc. is a corporation incorporated under Pennsylvania law, with its principal place of business in Pittsburgh, Pennsylvania. *Id.* The amended complaint also alleges that defendant Medo, Inc. is a corporation under California law with its principal place of business in California, that defendant S.C Johnson & Sons is a corporation under

Wisconsin law with its principal place of business in Wisconsin, and that defendant Airwick Co. is incorporated under Texas law with its principal place of business in Texas. *Id.* Plaintiff also alleges the amount in controversy exceeds $75,000, thus completing the required allegations to support federal subject matter jurisdiction based upon diversity of citizenship.

Plaintiff concludes by alleging the following causes of action against the various defendants: (1) breach of contract, (2) breach of implied contract, (3) common law misappropriation, (4) violations of the Uniform Trade Secret Act, (5) unjust enrichment, (6) fraud, and (7) breach of confidential relationship.

**Johnson's motion to dismiss.** Defendant Johnson has filed its motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 32). In support of its motion, Johnson argues that (1) Johnson applied for and was awarded a patent protecting their Glade® PlugIn®scented oil fan product prior to plaintiff's contact with D&D Inc.; (2) the complaint fails to state a claim against Johnson for any of plaintiff's causes of action; and (3) the Tennessee Uniform Trade Secret Act preempts plaintiff's misappropriation, unjust enrichment, implied contract, and fraud claims. *Id.*

**George M. Davison and Davison Design and Development, Inc.'s motion to dismiss.** Defendants George M. Davison and Davison Design and Development have filed two motions to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 25 and 37). Although the court has not yet ruled on either of these motions, the second motion, filed in response to plaintiff's amended complaint, is virtually identical to the first motion to dismiss.

Consequently, the first motion should be deemed moot inasmuch as it relates to a superseded complaint and its legal arguments have been taken up in a subsequent motion. In support of their motion, the Davison defendants argue: (1) that there has been insufficiency of process for these defendants; (2) that there was an insufficiency of service of process for these defendants; (3) that the amended complaint does not allege a federal question as a basis for subject matter jurisdiction; (4) that the amended complaint fails to sufficiently allege facts establishing personal jurisdiction over these defendants; and (5) that venue is improper in the Middle District of Tennessee.

## Analysis

Plaintiff proceeds *pro se.* (Docket Entry No. 1). *Pro* se complaints are to be construed liberally, *Boag v. MacDougall,* 454 US. 364, 365 (1982), but courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). In particular, *Wells* provides that *pro se* plaintiffs are required to provide a plain statement of the grounds for relief such that the court must no be forced to guess about the factual circumstances that led to the complaint. *Id.*

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court is obligated to accept as true all allegations in the complaint, and to construe the complaint liberally in favor of the party opposing the motion. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). To survive a motion to dismiss, "[the] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Caldwell v. Rowland,* 932 F.Supp. 1018, 1020 (E.D. Tenn. 1996) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). The essential elements of the plaintiff's claim "must be alleged in more than

5

vague and conclusory terms." *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 530 (6th Cir. 2001). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005).

Because the motions pending before the court are very different in content and contain arguments unique to each defendant, they are best addressed separately.

**Johnson's motion to dismiss.** Defendant Johnson argues that their Glade® PlugIn® scented oil fan products are protected under a previously existing patent, that Mr. Goldthread fails to state a claim against Johnson for any of the seven counts outlined in the complaint, and that many of the common law claims asserted by the plaintiff have been preempted by the Tennessee Uniform Trade Secret Act. These arguments are addressed separately below.

**Previously existing patent.** Defendant asserts that its Glade® scented oil fan product is protected by United States patent No. 5,909,845, which was registered by the United States Patent and Trademark Office ("USPTO") on June 8, 1999. (Docket Entry No. 33). A review of the patent[2] awarded to defendant indicates that the protected intellectual property consists of a "wick-based liquid emanation system with child-resistant overcap." Although this establishes that Johnson possesses a patent for many of the core features of the Glade® PlugIn® device including the tamper-resistant covering and oil wicking system, it does not address the heart of plaintiff's claims. Fundamentally, plaintiff asserts his right to the composition of matter wherein a fan

---

[2] The patent documents are contained in the record, at Docket Entry No. 15-2, pages 8-12. The court may take judicial notice of patent documents, as matters of public record, and consider them in ruling on a motion to dismiss without necessitating conversion of the motion to one for summary judgment. *Snap-On, Inc. v. Hunter Engineering Co.,* 29 F.Supp. 2d 965, 969 (E.D. Wis. 1998); *See Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)(quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

system is combined with a scented product, and this combination is discussed nowhere within the referenced patent. While defendant's ownership of this patent may show that it had prior rights to the scent container on its product, the patent alone does not dispose of plaintiff's claim.

**Breach of Contract (Count I).** In order to establish a *prima facie* breach of contract claim under Tennessee Law, a plaintiff must allege that a valid contract existed between the plaintiff and the defendant. *Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship,* 79 F.3d 496, 514 (6th Cir. 1996). Although the amended complaint appears to allege an implied confidentiality agreement between plaintiff and D&D Inc., it cannot be fairly construed as alleging a valid contract between plaintiff and Johnson. Consequently, plaintiff fails to state a claim against Johnson for breach of contract.

**Breach of Implied Contract (Count II).** A contract implied in fact exists when, even though no contract is memorialized in writing, an agreement between the parties can be inferred from the conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding. *Hercules Inc. v. United States,* 516 U.S. 417, 424 (1996) (citing *Baltimore & Ohio R. Co. v. United States,* 261 U.S. 592, 597 (1923)). Although plaintiff appears to allege some negotiations that could fairly lead to the implication that some tacit agreement of confidentiality existed between D&D Inc. and the plaintiff, he fails to allege any facts that would indicate the existence of an implied contract with Johnson. Furthermore, the amended complaint fails to allege what terms of the implied contract Johnson would have breached. Therefore, plaintiff's claim against Johnson for breach of implied contract must be dismissed.

7

Case 3:06-cv-00805   Document 41   Filed 07/11/07   Page 7 of 17 PageID #: 270

**Common Law Misappropriation and Violation of the Tennessee Uniform Trade Secret Act (Counts III and IV).** The amended complaint also fails to state a claim against Johnson under the Tennessee Uniform Trade Secrets Act ("TUTSA"), Tenn. Code Ann. § 47-25-1701 *et seq.,* or common law misappropriation. This statute provides for injunctive relief and recovery of money damages against a person who misappropriates a trade secret of another through improper means. The elements of a claim for misappropriation of a trade secret under Tennessee law are: (1) the existence of a trade secret; (2) communication of the trade secret to the defendant while in a position of trust and confidence; (3) the defendant's use of the communicated information; and (4) resulting detriment to the plaintiff. *Stratienko v. Cordis Corp.,* 429 F.3d 592, 600 (6th Cir. 2005) (citing *Hickory Specialties, Inc. v. B & L Labs, Inc.,* 592 S.W. 2d 583, 586 (Tenn. Ct. App. 1979)).

In order to qualify as a "trade secret" within the meaning of TUTSA, information must derive "independent economic value … from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use[.]" T.C.A. § 47-25-1702(4). Plaintiff fails to plead any facts alleging that the combination of a fan and a scent derives some independent economic value from being unascertainable to others, and he consequently fails to allege the existence of a trade secret that would satisfy the first element of this cause of action.

Plaintiff also fails to allege facts that satisfy the second element of a misappropriation claim: that the defendant received communication of the trade secret "while in a position of trust and confidence." *Stratienko,* 429 F.3d at 600. In order to misappropriate plaintiff's idea for a ceiling fan air freshener, Johnson would have needed

some access to his concept, which the amended complaint does not allege. (Docket Entry No. 27). While the amended complaint indicates that plaintiff communicated his idea and design to D&D Inc., it does not allege that Johnson had any information about or knowledge of the plaintiff's ideas or designs. *Id.* Furthermore, the amended complaint fails to allege that Johnson had any sort of communication, arrangement, or agreement with either the plaintiff or D&D Inc. concerning the plaintiff's ideas and designs.

Finally, TUTSA has been held to preempt common law claims for misappropriation of trade secrets. *Hauck Mfg. Co. v. Astec Indus., Inc.,* 375 F.Supp.2d 649, 654-658 (E.D. Tenn. 2004). For these reasons, the undersigned finds that the complaint fails to state a claim against Johnson for violation of TUTSA or common law misappropriation of a trade secret.

**Unjust Enrichment (Count V).** In order to state a claim for unjust enrichment, a plaintiff must allege: (1) a benefit has been conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under circumstances that would make it inequitable for him to retain the benefit without payment of the value thereof. *See PHG Techs., LLC v. St. John Cos.,* 459 F.Supp.2d 640, 646 (M.D. Tenn. 2006) (citing *Freeman Indus. LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 525 (Tenn. 2005)). As clearly indicated above in relation to plaintiff's breach of implied contract claim, plaintiff fails to allege that he conferred any benefit on Johnson directly or indirectly. Furthermore, plaintiff fails to allege that Johnson knew of plaintiff's idea before it developed its scented oil fan product. As a result, plaintiff has failed to state a claim against Johnson for unjust enrichment.

9
Case 3:06-cv-00805   Document 41   Filed 07/11/07   Page 9 of 17 PageID #: 272

**Fraud (Count VI).** In order properly to state a claim for fraud under Tennessee law the plaintiff must allege that the defendant intentionally misrepresented a material fact in order to mislead or obtain undue advantage over the plaintiff. *Black v. Black,* 166 S.W.3d 699, 705 (Tenn. 2005) (citing *Brown v. Birman Managed Care, Inc.,* 42 S.W.3d 62, 66-67 (Tenn. 2001)). The amended complaint fails to allege that Johnson made any representations to the plaintiff, false or otherwise, and thus fails to establish the key element of a fraud claim. Furthermore, the Federal Rules of Civil Procedure require that any claim of fraud "shall be stated with particularity," which the plaintiff fails to do in his amended complaint. Fed. R. Civ. P. 9(b). Consequently, plaintiff's fraud allegation against Johnson should be dismissed.

**Breach of Confidential Relationship (Count VII).** Under Tennessee law, a relationship is confidential if "confidence is placed by one in the other and the recipient of that confidence is the dominant personality, with ability, because of that confidence, to influence and exercise dominion and control over the weaker or dominated party." *Givens v. Mullikin,* 75 S.W.3d 383, 410 (Tenn. 2002). Thus, in order to establish a claim for breach of a confidential relationship, it is imperative that the plaintiff establish that some relationship existed between the plaintiff and the defendant, and that confidential information passed through the channels of that relationship. In plaintiff's amended complaint, there are no allegations that either Mr. Goldthread or any of Johnson's co-defendants had any relationship, contact, or communication with Johnson. As a result, plaintiff is unable to allege a *prima facie* claim for this cause of action.

**TUTSA preemption.** As briefly discussed above, the Tennessee Uniform Trade Secret Act preempts plaintiff's misappropriation, unjust enrichment, implied contract and

fraud claims because TUTSA "preempts all general tort claims for theft of secret information." *Hauck Mfg. Co. v. Astec Indus., Inc.,* 375 F. Supp. 2d 649, 661 (E.D. Tenn. 2004). Consequently, the above analysis - indicating that plaintiff fails to state a claim upon which relief can be granted under TUTSA because his composition of matter concept fails to qualify as a "trade secret" within the meaning of the law - directs the conclusion that these common law causes of action should also be dismissed.

**George M. Davison and D&D Inc.'s motion to dismiss.** Defendants George M. Davison and Davison Design and Development, Inc., argue that the complaint against them should be dismissed because: (1) there has been insufficiency of process with regard to at least one of the defendants and possibly both; (2) there has been insufficient service of process; (3) the amended complaint does not establish personal jurisdiction over the defendants; and (4) venue is improper in the Middle District of Tennessee.[3] (Docket Entry No. 38). These arguments are addressed separately below.

**Insufficiency of process.** Rule 4 of the Federal Rules of Civil Procedure requires that the plaintiff shall identify and serve all defendants with a summons by specifying that the summons shall "identify the court and the parties" and "[a] summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served." *Fed. R. Civ. P.* 4(a) and (b). In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant. *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 350 (1999). One becomes a party officially "only upon service of a summons or

---

[3] These defendants argued in their original motion to dismiss that the court lacked subject matter jurisdiction over this action. (Docket Entry No. 26). However, in response to plaintiff's pleading of citizenship details and a sufficient amount in controversy in his amended complaint, Docket Entry No. 27, defendants in their renewed motion to dismiss have conceded that this court's diversity jurisdiction has been properly invoked. (Docket Entry No. 38).

11

authority-asserting measure stating the time within which the party served must appear and defend." *Id.* As a result, insufficiency of service constitutes appropriate grounds for dismissal of a complaint without prejudice.

Plaintiff's original form complaint listed George M. Davison individually as a defendant and listed no other entity associated with Mr. Davison in the space provided for identification of the parties, but did name D&D Inc. in the caption and in various allegations within the document (Docket Entry No. 1). Plaintiff's amended complaint seems to contemplate D&D Inc. as the sole "Davison" defendant in the case, with no mention of George M. Davison individually as a defendant. (Docket Entry No. 27). Despite this seeming contemplation of two separate defendants, only a single summons, directed to "Davison," has been delivered to the business address of D&D Inc., and no summons was issued or served in connection with the amended complaint. (Docket Entry No. 38). While defendants argue that the single summons directed only to "Davison" fails to meet the plaintiff's basic burden of making it clear through the summons whom, exactly, is being sued, the undersigned finds no defect in the summons served upon D&D Inc., since the corporation's own letterhead reveals that "Davison" is the trade name it employs in the marketplace (Docket Entry No. 1 at 7). However, the undersigned must conclude that the summons addressed to "Davison" is insufficient to hale George M. Davison into this Court, and that dismissal without prejudice of the complaint against this individual is therefore proper pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

**Insufficiency of Service of Process.** Rule 4 of the Federal Rules of Civil Procedure mandates that a "summons shall be served together with a copy of the

12

complaint" and that "[t]he plaintiff is responsible for service of a … complaint." Fed R. Civ. P. 4(c)(1). The plaintiff may request that the defendant waive service of a summons, but must do so in writing, provide the defendant with a copy of the complaint, and provide the defendant with a waiver form to be returned to the court. Fed. R. Civ. P. 4(d)(2). If the plaintiff fails to properly serve a defendant within 120 days of the filing of the complaint, "the court shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m).

In the instant case, defendants allege, and plaintiff fails to respond to the allegation, that the plaintiff's attempted service by mail included only documents entitled "opening brief," while failing to include copies of the actual complaint (Docket Entry No. 38). Additionally, the plaintiff did not properly request waiver of service by providing the defendants with any of the necessary materials outlined in Rule 4(d)(2) of the Federal Rules of Civil Procedure. *Id.* In the absence of a showing of good cause by the plaintiff to excuse his failure to properly serve the defendants, it is within the court's discretion to dismiss the complaint without prejudice. *See Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 324-26 (E. D. Mich. 2001). In this case, the defense of insufficiency of service of process has been asserted twice (Docket Entry Nos. 26 and 38), and plaintiff has failed to show good cause for such failure or to cure the defect in service of process. As a result, dismissal without prejudice of the complaint against these defendants under Rule 12(b)(5) is appropriate at this stage of the proceedings.

**Personal Jurisdiction.** In the Sixth Circuit, a court may exercise jurisdiction over a nonresident defendant only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. *Neal v. Janssen,* 270

F.3d 328, 331 (6th Cir. 2001). The Tennessee long-arm statute contains a provision that functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. T.C.A. § 20-2-214(a)(6) (providing personal jurisdiction as to any action or claim for relief arising from "any basis not inconsistent with the constitution of this state or of the United States"). As a result, the court's personal jurisdiction over the defendant is best analyzed within the context of the permissible limits of the due process clause.

The traditional test of compliance with the due process clause is whether or not the defendant has sufficient minimum contacts with the forum state so that "traditional notions of fair play and substantial justice" are not offended. *International Shoe Company v. Washington,* 326 U.S. 310, 316 (1945); *Tharo Sys. Inc. v. Cab Produkttechnik GmbH & Co.,* 196 Fed. Appx. 366, 370 (6th Cir. 2006). Fundamentally, the defendant must have conducted itself in such a way that it could reasonably anticipate being brought into court in Tennessee. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 889, 904 (6th Cir. 2006). In the Sixth Circuit, the courts employ a three-part test to determine if these due process requirements are satisfied. First, the defendant must purposefully avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Neal*, 270 F.3d at 332.

Although the amended complaint contains some allegations in paragraphs 9 and 10 indicating that D&D Inc. may have advertised its services by publishing "1-800" numbers and solicitations of inventors for the use of its services, it is unclear if it has

14

directed such activities towards the state of Tennessee. (Docket Entry No. 27). In fact, it is unclear from the amended complaint whether these activities were actively directed towards the state of Tennessee by the defendant, or whether it was the plaintiff who actively sought out this information from the defendant. Although *pro se* plaintiffs enjoy a liberal construction of their inartful pleadings, the court must not be forced to guess about the factual circumstances underlying the complaint. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Consequently, although personal jurisdiction may have been established through further pleadings or evidentiary hearings, plaintiff's failure to respond to the defendants' repeated objections on the basis of personal jurisdiction, along with the shortcomings of his pleadings, lead the undersigned to recommend that the complaint be dismissed without prejudice with respect to these Davison defendants.

**Improper Venue.** In this case, subject matter jurisdiction over plaintiff's claims is founded solely on diversity of citizenship. (Docket Entry No. 27). As a result, the venue statute applicable to this case is 28 U.S.C. § 1391(a), which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The amended complaint's allegations clearly indicate that the first prong of §1391(a) cannot support the Middle District of Tennessee as the appropriate venue because none of the defendants resides in the state of Tennessee. (Docket Entry No. 27). Furthermore, there are no factual allegations in the amended complaint that indicate a

15

substantial part of the events giving rise to the Plaintiff's claims occurred in the Middle District of Tennessee. In fact, as pled, it is impossible for the court to determine where the complained of events occurred without engaging in significant guesswork.

Finally, the catch-all at the end of the venue statute allowing a suit to be brought in any district in which any defendant is subject to personal jurisdiction applies "only if there is no district in which the action may otherwise be brought." Applying this catch-all to find proper venue in Tennessee is problematic for two reasons. First, as indicated above, it is an open question whether or not any defendant is subject to personal jurisdiction within the state of Tennessee, and the pleadings do not allege sufficient facts for the court to determine affirmatively that personal jurisdiction over any defendant is appropriate. Second, the pleadings do seem to indicate that a number of the incidents giving rise to this action occurred within the state of Pennsylvania, where D&D Inc. is headquartered. As a result, § 1391(a)(2) would allow for suit to be brought within the Western District of Pennsylvania. Because there is another district in which this action could be filed, the language of § 1391 bars the application of the catch-all. Consequently, venue is improper in the Middle District of Tennessee.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although nominal defendants Medo, Inc. and Airwick Co. have not objected to venue in this district or otherwise been heard from on this record, it does not appear that they were properly served with plaintiff's original complaint and/or summonses,[4] nor are there

---

[4] The original complaint names both entities as "parties of interest" (Docket Entry No. 1, ¶ 3). The summons directed to Medo, Inc. bears addresses in Parsippany, New Jersey and Fresno, California (Docket Entry No. 2). The amended complaint alleges that Medo, Inc.'s principal place of business is in Moon

any allegations against them in the amended complaint. Accordingly, in view of the numerous deficiencies in plaintiff's lawsuit discussed above, the undersigned finds that transfer would not be in the interest of justice, and that this case should therefore be dismissed without prejudice to being refiled in the proper venue.

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED**, that the complaint against defendant S.C. Johnson & Son, Inc. be **DISMISSED WITH PREJUDICE,** and that the complaint against defendants George M. Davison, Davison Design and Development, Inc., Medo, Inc., and Airwick Co. be **DISMISSED WITHOUT PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from the receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied* 474 U.S. 1111 (1986).

Entered this the 11th day of July, 2007.

s/ John S. Bryant  
John S. Bryant  
United States Magistrate Judge

---

Park, California. The summons directed to Airwick Co. bears an address in Parsippany, New Jersey (Docket Entry No. 2), while the amended complaint alleges that it is a Texas company doing business in Del Rio, Texas.